**TINKER NATIONAL BANK, Appellant,**

v.

**The UNION SAVINGS BANK OF LONG ISLAND et al., Appellees.**

**William B. CAMP, Comptroller of the Currency, Appellant,**

v.

**The UNION SAVINGS BANK OF LONG ISLAND, et al., Appellees.**

**Nos. 21295, 21296.**

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1968.

Decided Aug. 8, 1968.

Mr. Peter Megargee Brown, New York City, for appellant in No. 21,295. Mr. John S. Walker, Washington, D. C., also entered an appearance for appellant in No. 21,295.

Mr. Robert V. Zener, Atty., Department of Justice, with whom Edwin L. Weisl, Jr., Asst. Atty. Gen., Messrs. David G. Bress, U. S. Atty., and John C. Eldridge, Atty., Department of Justice, were on the brief, for appellant in No. 21,296.

Mr. John D. Hawke, Jr., Washington, D. C., with whom Mr. Thurman Arnold, Washington, D. C., was on the brief, for appellees.

Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

BASTIAN, Senior Circuit Judge:

These consolidated cases return to us after remand, already possessed of a long history of litigation. Most of the history has been chronicled in Union Savings Bank of Patchogue v. Saxon, Comptroller, 118 U.S.App.D.C. 296, 335 F.2d 718 (1964).

After remand to the Comptroller, he considered the additionally submitted material and reaffirmed his initial certificate permitting Tinker to establish its branch bank. After intermediate proceedings, the case came on for a trial *de novo* before the District Court. On September 6, 1967, the District Court entered its order reversing the Comptroller's ruling. Appeal was thereupon taken to this court by Tinker. The case was

---

argued before us on March 18, 1968. While the appeal was under consideration, a supplemental memorandum was filed advising that on May 17, 1968 the Governor of New York had signed into law on April 11, 1968 an Act "[t]o amend the banking law, in relation to authorizing a bank or trust company to open one or more branches in the banking district in which its principal office is situated, regardless of whether the proposed locations are within a city or village". This Act amended Section 105(1) (b) of the New York Banking Law, McKinney's Consol.Laws, c. 2, by eliminating the requirement that branches must be established in a city or village. A copy of the report of the memorandum which the New York State Banking Department (which drafted the bill) submitted in explanation of this legislation provided in part as follows:

> Union Savings Bank of Patchogue v. Saxon, [118 U.S.App.D.C. 296], 335 F.2d 718 (Court of Appeals of District of Columbia, June, 1964). This was a suit involving a national bank in New York State, which had obtained the approval of the Comptroller of the Currency for the establishment of a branch in an unincorporated area immediately contiguous to an incorporated village. The branching provisions of the National Bank Act (12 U.S.C. Sec. 36 (c)) refer to state statutory requirements regarding branching by state banks, so that the court was required to construe Banking Law, Sec. 105(1) (b). The court concluded that the branch was illegal, since the unincorporated area in which it was located, although containing at least five hundred residents within three square miles, lacked the characteristics of a "village" in the ordinary sense of the word. United States Savings Bank of Long Island v. Camp, U. S. District Court of Appeals, District of Columbia, August 15, 1967.

Since our disposition of the appeal turned on the meaning of the word "village" in this context, and the intervening law had altered this controlling aspect of the case, we conclude that the proper procedure to be followed in the instant case is to remand the case to the District Court with instructions to remand the same to the Comptroller of the Currency for reconsideration in light of the aforesaid act of the State legislature.

It will be so ordered.